IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIAM SELTZER,                  :
    Plaintiff,                  :
                                  :
                                  :
vs.                               :     CIVIL ACTION 13-280-CG-M
                                  :
CHARLES MCKNIGHT,                 :
*et al.*,                         :
    Defendant.                  :

REPORT AND RECOMMENDATION

This § 1983 action, filed by William Seltzer, a Mobile County Metro Jail inmate proceeding *pro se*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. During the screening of the Complaint, the Court discovered that this action is subject to the provisions of 28 U.S.C. § 1915(g). Accordingly, it is recommended that this action be dismissed without prejudice under 28 U.S.C. 1915(g) for the reasons stated below.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

> unless the prisoner is under imminent danger of serious physical injury.

This section of the Prisoner Litigation Reform Act is known as the "three-strike rule." Under this rule, once a prisoner has three actions dismissed for one of the reasons stated above, "he is not entitled to proceed *in forma pauperis* . . . unless he can demonstrate that he meets the 'imminent danger' requirement § 1915(g)." *Pointer v. Marc*, 2011 WL 847012, at *1 (S.D. Ohio Mar. 8, 2011). "[T]he PLRA revokes [*in forma pauperis*] privileges and requires the prisoner to pay the same filing fees that ordinary citizens must file upon commencement of a suit." *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001). "The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.2002).

After reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, the Court discovered that Plaintiff has had at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Seltzer*

2

*v. Bergstrom, LLC, et al.,* CA 07-149-KD-M (S.D. Ala. Oct. 29, 2007)(dismissed as frivolous); *Seltzer v. Mobile City Police Dept.,* CA 07-383-WS-M (S.D. Ala. Aug. 18, 2008)(dismissed as frivolous); *Seltzer v. Figures*, CA 07-391-KD-M (S.D. Ala. Sept. 5, 2008)(dismissed as frivolous); *Seltzer v. Bailey*, CA 94-634-SLB-ETC (N.D. Ala. Apr.12, 1995)(dismissed for failure to state a claim); *Seltzer v. Bailey, et al.,* CA 93-2569-JFG-ETC (N.D. Ala. Apr. 19, 1994)(dismissed as frivolous).  Thus, the present action comes within the scope of 28 U.S.C. § 1915(g).[1]

In order to avoid the dismissal of the present action under § 1915(g), Plaintiff must satisfy its exception, which requires that he show that he was "under imminent danger of serious physical injury" at the time of the Complaint's filing.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.") *cert denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir.2004)("a prisoner must allege a present imminent

---

[1] On Plaintiff's Complaint form where he was asked about his prior litigation, Plaintiff advised the court that in *Seltzer v. Hall*, 12-327-CG-N (S.D. Ala. Oct. 15, 2012), he was "denied *forma pauperis* because Plaintiff fell under the three strike provision."  (Doc. 1 at 3).

3

danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)(the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In reviewing the Complaint's allegations (Doc. 1), the Court does not discern a claim showing that Plaintiff was "under imminent danger of serious physical injury" at the time he filed the Complaint on or about May 24, 2013. (Doc. 1 at 7, 15).  In the Complaint, Plaintiff names as defendants Mobile County District Judge Charles McKnight, Mobile County Circuit Judge Michael A. Youngpeter, Attorney A. Joseph Altadonna, Deputy Imel #1039, and Official Court Reporter Linda Moore.

Plaintiff alleges that he was involved in a traffic stop with Defendant Imel on December 6, 2012, which resulted in Plaintiff receiving three traffic citations and being arrested for possession of a controlled substance. (Doc. 1 at 8).  Plaintiff alleges that Defendant Imel falsified the arrest report by indicating that he was the officer who found the small plastic bag of meth in Plaintiff's wallet, when in actuality, it was another deputy on the scene who found the plastic bag.  (*Id.* at 8, 11).  At the preliminary hearing, Defendant McKnight,

4

severed the three traffic citations from the possession of controlled substance charge. (*Id.* at 5). The possession charge was bound over to the grand jury and a probation hold was placed on Plaintiff. The probation hold was referred to Defendant Youngpeter, the judge of Plaintiff's probation case. (*Id.* at 9-10). Plaintiff claims the probation hold stems from Defendant Moore's mistake in transcribing Plaintiff's proper address in a prior proceeding, which was sent to the Alabama Court of Appeals "caus[ing] a certificate of judgment against Plaintiff." (*Id.* at 11, 14). Defendant A. Joseph Altadonna was the attorney appointed by the court to represent Plaintiff on his possession charge and probation hold. (*Id.* at 6, 10). Plaintiff contends that Defendant Altadonna failed to obtain a bond for Plaintiff, to file any written motions on Plaintiff's behalf to object to the severance of charges, and to and to deliver "legal documents to support grounds for a proper defense." (*Id.*).

Plaintiff alleges that Defendants McKnight and Youngpeter have violated his Eighth and Fourteenth Amendment rights under the United States Constitution in their handling of his traffic citations and possession charge. (*Id.* at 5). He also claims that Defendant Altadonna violated his Sixth Amendment right to effective

5

assistance of counsel.  (*Id.* at 5-6).  Additionally, Plaintiff alleges that Defendant Imel violated his right to be free from illegal search and seizure by swearing under the penalty of perjury "to have found a controlled substance on Plaintiff, knowly [sic] he lied."  (*Id.* at 13).  Lastly, he alleges that Defendant Moore violated his Eighth and Fourteenth Amendment rights by forwarding an "unlawful probation address . . . to the Court of Criminal Appeals."  (*Id.* at 13-14).

In assessing whether Plaintiff satisfies the exception to § 1915(g), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d at 1350.  A plaintiff "must allege and provide specific fact allegations of an ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient."  *Ball v. Allen*, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007)(unpublished) (citations and quotation marks omitted).  Furthermore, the allegations must demonstrate that at the time the complaint was filed the danger existed.  *Id.* at *2.

Absent from the Complaint is any reference to a physical injury, much less an injury that is imminent and

serious.  Thus, the Court concludes that Plaintiff's allegations do not show that at the time of the Complaint's filing that Plaintiff was under imminent danger of serious physical injury.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400[2] filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice.  *Dupree*, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit"); *Vanderburg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.)(holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it

---

[2] Effective May 1, 2013, an administrative fee of $50 is to be paid in addition to the $350 filing fee required upon filing of a civil action, for a total of $400.  The $50 fee does not apply to persons proceeding in forma pauperis.

7

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>.R.C<small>IV</small>.P. 72(B); S.D. Ala. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

   DONE this 26th day of June, 2013.

                         s/BERT W. MILLING, JR.
                         UNITED STATES MAGISTRATE JUDGE